IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SILVANO CICOGNI,

      Plaintiff,                        NO. CIV. S-11-3258 KJM-CKD

     vs.

SAFEWAY INC., *et al.*,

      Defendant.                    ORDER

/

        This matter comes before the court on plaintiff's motion to remand. (ECF 5.) Defendants oppose. (ECF 7.) Because oral argument would not materially assist the court in resolving the pending motion, the court orders this matter submitted on the briefs under Local Rule 230(g). For the reasons set forth herein, plaintiff's motion is GRANTED and the case is remanded to California Superior Court in Nevada County.

I.    INTRODUCTION

        On November 11, 2011, plaintiff Silvano Cicogni instituted an action against Safeway Inc. and Kelly Hanson, stating fourteen causes of action based in state law. (*See* ECF 1 at 7.) On November 28, 2011, defendants Safeway Inc. and Kelly Hanson removed the present action from Nevada County Superior Court on the basis that plaintiff's tenth cause of action for failure to pay overtime wages requires interpretation of a collective bargaining agreement and is

1  thereby preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2  (ECF 1.) The latter is the only basis defendants argue supports removal jurisdiction.

3  II.     ANALYSIS

4  "[A]ny civil action brought in a State court of which the district courts of the

5  United States have original jurisdiction [] may be removed by the defendant or the defendants []

6  to the district court . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction in two

7  situations: 1) federal question jurisdiction over "civil actions arising under the Constitution,

8  laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in

9  controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is

10  complete diversity between the parties. 28 U.S.C. §§ 1331, 1332(a).

11  The Ninth Circuit "strictly construe[s] the removal statute against removal

12  jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863

13  F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th

14  Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal

15  in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th

16  Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the

17  defendant always has the burden of establishing that removal is proper." *Id.* Furthermore,

18  "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants,*

19  *LLC*, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) (citing *Harris v. Bankers Life and Cas. Co.*,

20  425 F.3d 689, 698 (9th Cir. 2005)). Accordingly, "the court resolves all ambiguity in favor of

21  remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

22  "[A] plaintiff may generally avoid federal jurisdiction by pleading solely

23  state-law claims" even where a federal defense is available to defendants. *Gregory v. SCIE, LLC*,

24  317 F.3d 1050, 1052 (9th Cir. 2003). However, where federal law completely preempts a state

25  law claim, "'any claim purportedly based on that preempted state law is considered, from its

26  inception, a federal claim, and therefore arises under federal law.'" *Id.* (quoting *Balcorta v.*

*Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)). "[T]he complete preemption exception is applied primarily under § 301 of the [Labor Management Relations Act]." *Id*. The "preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (internal quotation marks omitted). Even though plaintiff's complaint is styled as comprising solely state law claims, federal jurisdiction exists if plaintiff's claim for failure to pay overtime is preempted by § 301 as defendants claim.

   Ninth Circuit precedent requires a two-step process to analyze whether § 301 preempts a state law claim: first, because claims dependent on rights conferred by a collective bargaining agreement (CBA) are preempted, the court determines whether the claim is based in a right conferred by state law or by the CBA; if not resolved on the first step, the court examines whether resolution of the claim will require interpretation of the CBA, in which case the claim is preempted. *See, e.g., Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1058-60 (9th Cir. 2007); *Jacobs v. Mandalay Corp.*, 378 F. Ap'px. 685, 687 (9th Cir. 2010).

   Defendants rely on the second step. (*See* ECF 6 at 3-4.)   To determine whether a state law claim is "substantially dependent on analysis of a collective-bargaining agreement" and therefore preempted, the court must "decide whether the claim can be resolved by 'looking to' versus interpreting the CBA." *Burnside*, 491 F.3d at 1060 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). The look to/interpret distinction is not always clear; however, it is settled that looking to the CBA to determine that none of its terms are in dispute or referencing the CBA to determine bargained for wage rates to calculate a penalty do not warrant preemption. *See id.* "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Lividas*, 512 U.S. at 124.

/////

1    Defendants have failed to identify any interpretive disputes between the parties.
2 Rather, the parties agree on the standard for calculating overtime in the CBA. This fact alone
3 distinguishes the present case from *Firestone v. Southern Cal. Gas Co.*, 219 F.3d 1063 (9th Cir.
4 2000), on which defendants rely. In *Firestone*, the parties disagreed over the terms in the CBA.
5 *Id*. at 1066. The fact that the CBA may be referenced for determining compliance with state law
6 and for determining damages does not provide grounds for preemption. *See Jacobs*, 378 F.
7 Ap'px. at 687 ("Depending on Nevada's definition of 'regular wage rate,' a court can calculate
8 the exact amount of overtime pay that is owed by looking to the CBA and the past wages paid.
9 Referring to the CBA in this way, for the purpose of calculating damages, does not require an
10 interpretation of the CBA."). Because interpretation is not required, plaintiff's state law claims
11 are not preempted.

12    This matter is remanded to Nevada County Superior Court and this case is
13 CLOSED.

14    IT IS SO ORDERED.
15 DATED: February 3, 2012.

_____
UNITED STATES DISTRICT JUDGE